HARRY FRIEDMAN et al., complainants,

*v.*

PHILIP COHEN et al., defendants.

⁻Decided June 1st, 1925.]

Conveyances—Specific Performance—Contract Entered Into December 19th, 1922—Amendment Endorsed Thereon February 19th, 1923—New Contract Entered Into January 23d, 1925, Ratifying and Confirming Contract of December, 1922, Except in Specified Respects, No Mention Being Made of the Amendment of 1923—Held, That the Better View is That the Terms of the Amending Contract Were Excluded From the New Contract.

On final hearing.

*Messrs. Connolly & Heuston,* for the complainants.

*Messrs. Stamler, Stamler & Koestler,* for the defendants.

BUCHANAN, .V. C.

The bill is by vendees for specific performance of a contract to convey lands.

The original contract was made December 19th, 1922, to be consummated "on or before February 19th, 1923." The premises were to be conveyed subject to an existing fifteen-year lease, and there was to be, "on closing of title" an apportionment of the rent under the lease (which lease was to be assigned as a part of the conveyance), and of a certain insurance premium, but not of taxes or other insurance premiums, because they were payable by the lessee under his lease. Another clause again provided that vendees might "enter" on the lands "on the date of closing title," and from thence take the rents and profits. The vendees were given

the privilege to accelerate the date of closing title by giving a three days' notice in writing. The purchase price was $55,000, of which $3,500 was paid down, $16,500 was to be paid "on closing title and delivery of deed," with a $35,000 purchase-money mortgage of specified terms which need not be recited in detail. There was a stipulation that all of the buildings were wholly within the lines of the lot.

On February 19th, 1923, the following agreement was endorsed on the contract and executed:

"It is mutually agreed that the time for closing title under this contract is extended fifteen days from this date, but all adjustments, upon closing title, shall be figured and allowed as of this date."

A controversy arose over the fact that the buildings projected over the street line about three inches. Complainant refused to consummate and commenced suit at law to recover the $3,500 paid down, and defendants counter-claimed. Before the suit was tried an agreement was reached which was put in writing and executed on January 23d, 1925, as follows:

"It is agreed this 23d day of January, 1925, between Philip Cohen, of the first part, and Harry Friedman, of the second part, that the contract of December 19th, 1922, is hereby ratified and confirmed in all respects, excepting as follows:

"1. The purchase price is reduced to fifty thousand ($50,000) dollars.

"2. The amount of cash to be paid on closing title is eleven thousand five hundred ($11,500) dollars.

"The fact that the building or some part thereof is without the lot lines is not to be an objection to the taking of title, and the deed is to contain a covenant to that effect.

"3. Title is to close on or before February 10th, 1925, at the office of Stamler, Stamler & Koestler, No. 49 Broad street, Elizabeth, New Jersey, between the hours of three and four o'clock, and time is of the essence of this contract.

"It is represented that the Schary lease, mentioned in the contract of December 19th, 1922, is still in force and effect.

"In consideration hereof the suit and counter-claim of *Friedman* v. *Cohan,*, now pending in the New Jersey supreme court, is to be dismissed, with costs."

On February 10th the parties met and both sides were ready and tendered performance, with the following exceptions: Complainant claimed that there was a contingent mortgage encumbrance against the property of $1,000, and demanded security against it, which defendants refused to give. Complainants also demanded that the rents be apportioned as of February 19th, 1923, which defendants refused, tendering apportionment as of February 10th, 1925.

Complainants shortly thereafter filed their bill. They pray decree for specific performance, contending that the contract calls for apportionment of rents as of February 19th, 1923, and ask security against the encumbrance. The bill is, perhaps, not so clear on the subject as it might be, but at the hearing complainants stated they were ready and willing to perform according to whatever should be determined to be the true meaning of the contract as to date of apportionment.

Defendants by their answer tender themselves ready and willing to convey "in accordance with the agreement of January 23d, 1925, which calls for all adjustments to be made as of the date of the delivery of the deed."

It is clear that the sole controversy was as to the matter of the two years' rentals (from February 19th, 1923, to February 10th, 1925), to which complainant claims to be entitled under the provisions of the contract. The existence of the alleged encumbrance (against which security was asked) was denied by the answer and not proved at the hearing.

My recollection is that the amount of the rental was not put in evidence, but concededly it is considerably in excess of the interest on the unpaid balance of purchase price for the same period. Complainant admits, and admitted at the time of tender, his liability for such interest as concurrent with his claim of right to the rental.

The issue is a narrow one. What is the meaning of the contract which the parties have executed? There is no evidence that one party meant one thing by what was said and the other party another.

What they said was, in effect, "we hereby make a new contract, the terms of which are precisely the same as those of

the contract of December 19th, 1922, except for the following changes and additions" (specifying them).

By "the contract of December 19th, 1922," did they mean that contract as originally executed, or that contract as amended by the agreement of February 19th, 1923?

I can find nothing in the contract of January 23d, 1925, nor in the surrounding circumstances as far as they appear in the case, which definitely indicates the answer to this question. Argument of equal force may be made both ways.

My mind is somewhat inclined to the view that the more natural meaning under the circumstances excludes the amendment of February 10th, 1923, that the parties, in specifying the matter which was to be incorporated into their new contract, would say "the contract of December 19th, 1922, as amended by the agreement of February 10th, 1923," if that were what they, in fact, meant. However, if the scales remain in equipose upon the question, the result is the same, for the burden is upon complainant to establish his contention to the contrary. Decree will be advised for specific performance of the contract interpreted as excluding the amendment of February 10th, 1923.

Defendant asked leave at the hearing to amend his answer by withdrawing his offer of willingness to convey, and resisting specific enforcement even on his own construction of the contract, because of complainants' failure to comply at the time fixed for consummation. This was denied, for the reason that, although the contract states that time is of the essence, the original tender (in defendants' answer) of willingness to convey, proves that time was not, in fact, of the essence. The withdrawal of the tender could not alter the fact that it had been made. Obviously, it would be futile to permit an amendment setting up a defense which must inevitably fail.